UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

GARY R. ELERICK,

        Petitioner,

vs.

MICHAEL MARTEL, Warden,

        Respondent.

        /

No. C 09-1354 PJH (PR)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

This is a habeas corpus case filed pro se by a state prisoner pursuant to 28 U.S.C. § 2254. The court ordered respondent to show cause why the writ should not be granted. Respondent has filed an answer and a memorandum of points and authorities in support of it, and lodged exhibits with the court. Petitioner has responded with a traverse. For the reasons set out below, the petition is denied.

## BACKGROUND

Petitioner pleaded no contest to second degree robbery, *see* Cal. Penal Code §§ 211, 212.5(c), and admitted a number of prior convictions pursuant to the three strikes law, *see id.* at §§ 667(b)-(i), 1170.12, and serious felony law, *see id.* at § 667(a). On March 7, 2007, judgment was entered and defendant was sentenced to twenty-eight years to life imprisonment consecutive to a twenty-five year term. *People v. Elerick*, 2007 WL 4125889 at *1 (Cal. App. 2007).

Here petitioner challenges only the validity of the prior offenses that were used to enhance his current sentence, so the facts of the offense for which he presently is confined have no bearing on the issues here. The procedural facts that underlie the claims are set out below in the discussion of each issue.

## STANDARD OF REVIEW

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).  The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*,  537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13.  A state court decision is an "unreasonable application of" Supreme Court authority, falling under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.  The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.  Rather, the application must be "objectively unreasonable" to support granting the writ. *Id.* at 409.

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. 322 at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

///

2

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir.2000).

**DISCUSSION**

As grounds for habeas relief he asserts that: (1) None of the prior convictions used to enhance his sentence were valid because they were obtained in violation of due process and his right to counsel; and (2) counsel's failure to discover the invalidity of the prior convictions constituted ineffective assistance of counsel and rendered his plea involuntary.

**I.     Validity of Priors**

Petitioner contends that all of his prior convictions used to enhance the current sentence were invalid.  Respondent contends that these claims are not properly raised here, and in any event are without merit.

**A.     *Lackawanna***

Respondent contends that petitioner's challenge to his prior convictions is barred by the United States Supreme Court's decision in *Lackawanna County District Attorney v. Coss*, 532 U.S. 394 (2001).  There, the Court addressed the question of whether federal post-conviction relief is available when a prisoner challenges his current sentence on the grounds it was enhanced by an allegedly unconstitutional prior conviction – exactly what petitioner is doing here.  *See id.* at 396.  The Court held that habeas relief is not available: "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid.  If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." *Id.* at 403.

There is an exception to the *Lackawanna* rule, however: a petitioner may challenge a prior conviction on the ground that there was a failure to appoint counsel in that case in

violation of the Sixth Amendment. *Id.* at 404. Here, petitioner contends that his 1979 guilty pleas were uncounseled, but as respondent points out, the transcript shows that in fact petitioner did have appointed counsel in those cases. *See* Pet., Ex. 14 at cover & 2. Petitioner does not dispute this point in his traverse. The court therefore finds that petitioner did have appointed counsel at the 1979 state court pleas, and concludes that the *Lackawanna* exception does not apply to him. Petitioner's claims are barred by *Lackawanna*.

### B.   Merits

Petitioner admitted all the prior convictions at the plea proceeding for the conviction at issue here. He says in the petition that in all the prior convictions he pled guilty or no contest. Pet. at 7. The previous convictions that were used to enhance petitioner's sentence were:

(1) Los Angeles County case number A-435813, two robbery counts, 1974.

(2) Los Angeles County case number A-446356, second degree burglary, 1979.

(3) Orange County case number C-42958, four robbery counts, 1979.

(4) Orange County case number C-60762, robbery.

(5) Federal Case number CR 86-1109 KN (Central District of California), bank robbery.

### 1.   Cases A-435813, C-60762, and CR 86-1109KN

Petitioner contends that the convictions numbered one, four, and five in the list above were unconstitutionally obtained because there is no record of the courts that entered them having obtained *Boykin* waivers. *See Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969) (trial judge may not accept defendant's guilty plea without creating record affirmatively showing that plea was knowing and voluntary; silent record is invalid).

*Boykin*'s presumption of invalidity does not extend to collateral challenges, however. *Parke v. Raley*, 506 U.S. 20, 29-30 (1992). A state court sentencing a defendant may presume, absent other evidence, that a final judgment of conviction offered for purpose of sentence enhancement was validly obtained. *Id.* at 30. The mere unavailability of

4

transcripts or other records of an earlier plea on collateral review does not establish that defendant was not advised of his rights prior to pleading guilty. *Id.*

All petitioner has to support his contention that *Boykin* waivers were not taken is the absence of any affirmative reference in the scattered records that he has, with great diligence, located. Under *Parke*, that is not enough. He has not established the invalidity of the priors on this ground.

### 2. Case A-446356

Petitioner also contends that the plea in the second case listed above, Los Angeles case number A-446356, was to second degree burglary, not first degree, and thus was not to a serious felony and was not a strike offense under California law. *See* Cal. Penal Code § 1192.7(c)(18) (listing first degree burglary as a strike). Even if true, this would be only a state law violation, which cannot be grounds for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (federal habeas unavailable for violations of state law or for alleged error in the interpretation or application of state law). In addition, as respondent points out, at the plea proceeding he admitted that the burglary was of a "residence," Ans., Ex. 3A (transcript of plea proceeding) 44-47, which under California law means it qualified as a strike, *see People v. Garrett*, 92 Cal. App. 4th 1417, 1431-32 (2001) (although statute refers only to first degree burglary, second degree burglary of a residence qualifies as a serious felony and strike).

Petitioner also contends that the charge was a "wobbler" under California law, and so did not qualify as a serious felony. "Wobblers" are California crimes that can be classified as either felonies or misdemeanors at the discretion of the prosecutor or trial judge. *Lockyer v. Andrade*, 538 U.S. 63, 66-67 (2003). Again, as with the claim discussed above, this is a state law claim that cannot be the basis for relief here; in addition, because petitioner received a two-year sentence in state prison on the burglary charge, it is clear that it was *not* treated as a misdemeanor. *See* Cal. Penal Code §17(b)(1) (wobbler is misdemeanor if punishment other than imprisonment in state prison is imposed).

///

5

Petitioner also asserts that the sentencing court's treatment of this offense as a serious felony violated the Ex Post Facto Clause. This claim is without merit because the sentencing court here did not change anything about the prior conviction, which was a felony from the time a two-year sentence in state prison was imposed, so there was no state law violation, and it is not a violation of the Ex Post Facto Clause to enhance a sentence because of prior offenses, so there was no federal violation. *See McDonald v. Massachusetts*, 180 U.S. 311, 312-13 (1901)

### 3. Case C-42958

Petitioner contends that this conviction was obtained in violation of his right to counsel. As noted in the discussion of *Lackawanna* above, petitioner was appointed counsel in this case, so there was no Sixth Amendment violation.

## II. Ineffective Assistance of Trial and Appellate Counsel

Petitioner contends that his trial counsel was ineffective in failing to discover that his prior convictions could not properly be used to enhance his current sentence, and in consequently advising him to take the plea bargain that was offered.

A claim of ineffective assistance of counsel is cognizable as a claim of denial of the Sixth Amendment right to counsel, which guarantees not only assistance, but effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). In order to prevail on a Sixth Amendment ineffectiveness of counsel claim, petitioner must establish that counsel's performance was deficient, i.e., that it fell below an "objective standard of reasonableness" under prevailing professional norms. *Id.* at 687-88. Second, he must establish that he was prejudiced by counsel's deficient performance, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

It is unnecessary for a federal court considering a habeas ineffective assistance claim to address the prejudice prong of the *Strickland* test if the petitioner cannot even establish incompetence under the first prong. *Siripongs v. Calderon*, 133 F.3d 732, 737

(9th Cir. 1998). Similarly, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as the result of the alleged deficiencies. *Strickland*, 466 U.S. at 697.

Because the court has concluded above that none of petitioner's claims as to the prior convictions have merit, he was not prejudiced by trial counsel's failure to raise them in trial court, nor by appellate counsel's failure to raise them on appeal. *See Juan H. v. Allen*, 408 F.3d 1262, 1273 (9th Cir. 2005) (lawyer not ineffective for failing to raise meritless issue); *Miller v. Keeney*, 882 F.2d 1428, 1434 & n.9 (9th Cir. 1989) (on claim appellate counsel was ineffective, petitioner must show reasonable probability that, but for counsel's unprofessional errors, he would have prevailed on appeal).

### III. Appealability

The federal rules governing habeas cases brought by state prisoners require a district court that denies a habeas petition to grant or deny a certificate of appealability in the ruling. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (effective December 1, 2009).

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability (formerly known as a certificate of probable cause to appeal). *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate must indicate which issues satisfy this standard. *See id.* § 2253(c)(3). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This was not a close case. For the reasons set out above, jurists of reason would not find the result debatable or wrong. A certificate of appealability will be denied. Petitioner is advised that he may not appeal the denial of a COA, but he may ask the court

of appeals to issue a COA under Rule 22 of the Federal Rules of Appellate Procedure. *See* Rule 11(a), Rules Governing § 2254 Cases.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is **DENIED**. A Certificate of Appealability also is **DENIED**.  *See* Rule 11(a) of the Rules Governing Section 2254 Cases (eff. Dec. 1, 2009).

The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: October 25, 2010.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\HC.09\ELERICK1354.rul.wpd